UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICROSOFT CORPORATION,<br>Plaintiff<br><br>v.<br><br>STAN ZAVATSKY, d/b/a<br>THE COMPUTER GALLERY<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-11865 WGY |

**DEFENDANT STAN ZAVATSKY'S ANSWER AND JURY DEMAND**

The defendant Stan Zavatsky hereby answers the numbered paragraphs of plaintiff's complaint as follows:

1. Admitted.

2. As to the first sentence of paragraph 2 of the complaint, defendant admits that The Computer Gallery does business in Randolph, MA, but denies the remaining averments. As to the second sentence of paragraph 2, defendant admits that it sells and distributes computer hardware and software products, including Microsoft products. As to the third sentence of paragraph 2, the defendant admits that it does business in Massachusetts, but denies that it does substantial business.

3. The defendant admits the first sentence of paragraph 3 of the complaint. As to the second sentence of paragraph 3 of the complaint, defendant states that Mr. Zavatsky is a General Partner of The Computer Gallery, and admits that The Computer Gallery does business in Massachusetts, but denies that The Computer Gallery does substantial business. As to the third sentence, defendant denies any wrongful conduct and therefore denies the entirety of the

averments contained in the third sentence.

4-6. Paragraphs 4 through 6 of the complaint contain conclusions of law to which no response is required.

7-9. The defendant is without information to admit or deny the averments contained in paragraphs 7 through 9 of the complaint and calls upon plaintiff to prove same, if material.

10. Defendant admits that it sells and distributes computer hardware and software products, including Microsoft products. The defendant is without information to admit or deny whether it sells products covered by registered copyrights or bearing plaintiff's trademarks, and calls upon plaintiff to prove same, if material.

11. Denied.

12. Admitted.

13-19. Denied.

20. Defendant realleges and incorporates by reference each and every response to paragraphs 1 through 19 of the complaint as if set forth in full herein.

21. The defendant is without information to admit or deny the averments contained in paragraph 21 of the complaint and calls upon plaintiff to prove same, if material.

22-27. Denied.

28. Defendant realleges and incorporates by reference each and every response to paragraphs 1 through 27 of the complaint as if set forth in full herein.

29-39. Denied.

40. Defendant realleges and incorporates by reference each and every response to paragraphs 1 through 39 of the complaint as if set forth in full herein.

41-47. Denied.

48. Defendant realleges and incorporates by reference each and every response to paragraphs 1 through 47 of the complaint as if set forth in full herein.

49. Paragraph 49 calls for a legal conclusion and therefore no response is required.

50-52. Denied.

53. Defendant realleges and incorporates by reference each and every response to paragraphs 1 through 52 of the complaint as if set forth in full herein.

54-56. Denied.

57. Defendant realleges and incorporates by reference each and every response to paragraphs 1 through 56 of the complaint as if set forth in full herein.

58-61. Denied.

62. Defendant realleges and incorporates by reference each and every response to paragraphs 1 through 61 of the complaint as if set forth in full herein.

63-65. Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to acquiescence.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrines of estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds of laches, unclean hands and inequitable conduct.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as defendant's actions were neither wrongful nor improper.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's actions were not willful, intentional, or reckless.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to plaintiff's anti-competitive practices and monopolization efforts.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail as the defendant's alleged use, if any, was a fair use.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail on the grounds of functionality.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as all actions taken by defendants were for legitimate business purposes.

WHEREFORE, the defendant, hereby requests that this Honorable Court, after hearing, dismiss the complaint, and award the defendant its costs and attorneys' fees and such other relief as the Court deems appropriate.

**JURY DEMAND**

**DEFENDANT HEREBY CLAIMS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

        STAN ZAVATSKY, d/b/a
        THE COMPUTER GALLERY,

        By his attorneys,


        /s/ Robert R. Pierce
        Robert R. Pierce (BBO #549172)
        Thomas E. Kenney (BBO #561590)
        PIERCE & MANDELL, P.C.
        11 Beacon Street, Suite 800
        Boston, MA 02108
        (617) 720-2444