UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>STAN ZAVATSKY, an individual, and d/b/a THE COMPUTER GALLERY,<br><br>    Defendants. | Civil Action No. 05-11865-WGY<br><br>**PLAINTIFF MICROSOFT CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE A PORTION OF AFFIRMATIVE DEFENSES** |

Plaintiff Microsoft Corporation ("Microsoft") submits this Memorandum in support of its motion to strike a portion of the Fourth Affirmative Defense and the Seventh Affirmative Defense set forth in Defendant Stan Zavatasky's Answer and Jury Demand ("Answer").

### I. INTRODUCTION & BACKGROUND FACTS

This straightforward case is solely about the distribution of counterfeit Microsoft software components by Stan Zavatsky, an individual and doing business as The Computer Gallery ("Defendants"). In their Answer, Defendants attempt to shift the focus away from their wrongful conduct by asserting the specious affirmative defenses styled as "unclean hands and inequitable conduct" (Fourth Affirmative Defense) and "plaintiff's anti-competitive practices and monopolization efforts" (Seventh Affirmative Defense). Those affirmative defenses have no nexus to the claims at issue, are procedurally impermissible and legally insufficient, and should be stricken without leave to amend.

In January 2004, Defendants distributed counterfeit Microsoft Office 2000 Professional ("Office 2000 Pro") software components to an investigator. Complaint, ¶¶

#3640168_v1

11. By a letter dated February 27, 2004, Microsoft informed Defendants they had distributed counterfeit Microsoft software components in violation of Microsoft's intellectual property rights, and demanded that Defendants cease and desist their illegal 6. Complaint, ¶12. Undaunted, Defendants continued their illicit activity, and in June 2005, Defendants again distributed to an investigator counterfeit Office 2000 Pro. Complaint, ¶ 14. In response to this continued infringement of its intellectual property rights, Microsoft filed this action.

In their Answer, Defendants purport to raise ten affirmative defenses. Although all lack merit, portions of the Fourth Defense and the entire Seventh Defense are clearly inadequate on their face and must be dismissed as a matter of law. Defendants' defenses allege, without any factual detail, that Microsoft's Complaint is barred: "on the grounds of . . . unclean hands and inequitable conduct" (Fourth Affirmative Defense), and "due to plaintiff's anti-competitive practices and monopolization efforts" (Seventh Affirmative Defense). Answer, p. 4.

Defendants' Fourth and Seventh Affirmative Defenses are insufficient as a matter of law because they are not related in any way to this action. This case involves Defendants' distribution of *counterfeit* Microsoft software in violation of federal law and has nothing to do with Microsoft's proper distribution of genuine software. Defendants' mere references to unclean hands, inequitable conduct, and antitrust violations are not sufficiently pled and do not share a common nexus with--and cannot excuse--Defendants' infringement of Microsoft's copyrights and trademarks. Thus, they cannot be considered defenses to the allegations of the Complaint and should be stricken without leave to amend.

# 3640168_v1

II.   **ARGUMENT**

   A.   **Standards For Motion To Strike**

Rule 12(f) of the Federal Rules of Civil Procedure permits the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). See also Microsoft Corp. v. Computer Support Services of Carolina, Inc., 123 F.Supp.2d 945, 949-950 (W.D.N.C. 2000). An affirmative defense is insufficient as a matter of law if it cannot succeed "under any set of facts which may be inferred from the allegations of the pleading." Federal Deposit Ins. Corp. v. Modular Homes, Inc., 859 F. Supp. 117, 120 (D.N.J. 1994). Where an insufficient affirmative defense might confuse or complicate the issues in the case, it should be stricken so that the plaintiff is not prejudiced and the court is not burdened with the time and expense of meaningless discovery. See U.S. v. Iron Mountain Mines, Inc., 812 F. Supp. 1528, 1535 (E.D. Cal. 1992) (striking defense of failure to mitigate damages and equitable defenses, including unclean hands, where defenses were not applicable to plaintiff's claims (citing Sidney v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)); Computer Support Services, 123 F.Supp.2d at 949-950 ("Courts have recognized judicial economy as a proper basis for striking insufficient defenses."). An affirmative defense is prejudicial to a plaintiff, for example, where it will likely expose a plaintiff to unnecessary litigation expenses. Simon v. Manufacturers Hanover Trust Co., 849 F. Supp. 880, 883 (S.D.N.Y. 1994).

Further, "[a]ffirmative defenses are pleadings and therefore are subject to all pleading requirements of the Federal Rules of Civil Procedure," which include setting forth a short and plain statement of the defense. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294-95 (7th Cir. 1989) (striking as legally insufficient defenses

# 3640168_v1

that consisted of bare-bones, conclusory allegations, omitted any short plain statement of facts, and failed to allege the necessary elements of the defenses); Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D.Fla. 2002) (striking copyright misuse affirmative defense under Rule 8(a) where defendants did not set forth a statement of facts in support of their defense). An affirmative defense should therefore be stricken when it fails to comply with the requirements of the Federal Rules of Civil Procedure.

Defendants' affirmative defenses of unclean hands, inequitable conduct, and antitrust are legally insufficient because they have no nexus to Microsoft's claims against Defendants for distribution of counterfeit Microsoft software. In addition, the affirmative defenses have not been sufficiently pled. Accordingly, they should be stricken.

### B.  The Court Should Strike Defendants' Unclean Hands And Inequitable Conduct Affirmative Defenses

#### 1.  Defendants' Unclean Hands and Inequitable Conduct Defenses Are Legally Insufficient

Defendants seek to immunize themselves from liability for their distribution of counterfeit items by asserting a generic unclean hands and inequitable conduct defense. See Answer at p. 4. (Fourth Affirmative Defenses). Defendants' unclean hands and inequitable defense affirmative defenses are insufficient because they fail to allege any nexus between Microsoft's supposed wrongful conduct and the allegations against Defendants. In addition, the defenses are not sufficiently pled and provide Microsoft with no notice of the basis for the affirmative defense.

The defense of unclean hands and/or inequitable conduct requires that the plaintiff's alleged misconduct relate directly to the merits of the controversy between the parties. See Texaco Puerto Rico, Inc. v. Dept. of Consumer Affairs, 60 F.3d 867, 880 (1st

Cir. 1995) ("The doctrine of unclean hands only applies when the claimant's misconduct is directly related to the merits of the controversy between the parties, that is, when the tawdry acts in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.") (internal quotations and citation omitted); Tveter v. AB Turn-O-Matic, 633 F.2d 831, 838-39 (9th Cir. 1980); Mitchell Bros. Film Group v. Cinema Adult Theater, 604 F.2d 852, 863 (5th Cir. 1979) ("[M]isconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands."); Republic Molding Corp. v. B. W. Photo Utilities, 319 F.2d 347, 349 (9th Cir. 1963). "What is material is not that plaintiff's hands are dirty, but that he dirtied them in acquiring the rights he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant." Id.; Tveter, 633 F.2d at 839.

In copyright and trademark infringement cases, courts have addressed this nexus requirement through discussions of trademark and/or copyright misuse, which is a species of the unclean hands defense. See Coca-Cola Co., 386 F. Supp. at 333-35; People for Ethical Treatment of Animals, Inc. v. Doughney, 113 F. Supp. 2d 915, 921 (E.D. Va. 2000); Computer Support Services, 123 F.Supp.2d at 955. For example, in Tveter, the defendant could not evade liability for trademark infringement by claiming the plaintiff made a misrepresentation on a trademarked product. 633 F.2d at 838-39. The Ninth Circuit held that the alleged misuse of the trademark was not a valid defense because the defendant failed to establish a relationship between the misuse and the plaintiff's acquisition of its trademark rights. As a result, there was no basis to conclude that it was inequitable for the plaintiff to enforce its rights. Id.; see also Computer Support Services,

123 F.Supp.2d at 955 (holding in the context of a counterfeit Microsoft software distribution case that equitable defenses based on unclean hands require a showing that there is a nexus between the plaintiff's purported misconduct and the defendant's infringing acts).

Here, Defendants do not provide any specific allegations of misconduct by Microsoft. More importantly, Defendants clearly fail to allege any misconduct on the part of Microsoft *that directly and adversely affected Defendants*. Defendants have no relationship with Microsoft with respect to the counterfeit Microsoft software components at issue in this case, except to prey upon the public by distributing such items. Defendants cannot now, nor will they ever be able to explain why any purported unidentified misconduct involving Microsoft gives them the right to deceive the unsuspecting public by distributing counterfeit Microsoft items. Thus, Defendants' unclean hands and inequitable conduct affirmative defense should be stricken without leave to amend.

    **2.    Defendants' Unclean Hands and Inequitable Conduct Defenses Are Insufficiently Pled**

Defendants have failed to comply with the notice pleading requirements of Federal Rule of Civil Procedure 8(a). Defendants' conclusory allegations of "unclean hands" and "inequitable conduct" are insufficient to give Microsoft notice of Defendants' defenses. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d at 1294-95; Jesse's Computers & Repair, 211 F.R.D. at 681. Moreover, Defendants' assertion that Microsoft's infringement claims are barred because of inequitable conduct is grounded in fraud and must be pleaded with particularity under Federal Rule of Civil Procedure 9(b).

See Systemation, Inc. v. Engel Indus., Inc., 183 F.R.D. 49 (D. Mass. 1998) (applying Rule 9(b) to inequitable conduct defense in patent infringement action).

### C. The Court Should Strike Defendants' Antitrust Affirmative Defense.

#### 1. Defendants Fail To Allege Any Nexus Between Microsoft's Allegations And Their Purported Antitrust Affirmative Defense.

Defendants' affirmative defense asserting that Microsoft has engaged in "anti-competitive practices and monopolization efforts" is also fatally flawed because it fails to allege any nexus between the purported anticompetitive conduct and the allegations against Defendants. Answer, p. 4. Similar to an unclean hands defense, an antitrust defense also requires Defendants to show a nexus between the purported antitrust violation and the Defendants' infringing acts. See Coca-Cola Co. v. Howard Johnson Co., 386 F. Supp. 330, 337 (N.D. Ga. 1974); see also Saxon v. Blann, 968 F.2d 676, 680 (8th Cir. 1992). "Only a party who is directly and adversely affected by the alleged antitrust violations can raise the antitrust defense against claims of trademark infringement." Central Benefits Mut. Ins. Co. v. Blue Cross & Blue Shield Ass'n., 711 F. Supp. 1423, 1434 (S.D. Ohio 1989). The mere fact that a plaintiff has allegedly violated antitrust laws clearly does not allow all infringers to escape liability for violating the plaintiff's copyrights and trademarks. Indeed, even where a plaintiff has "violated the antitrust laws, or any other laws, in some matter completely unrelated to the case before the Court [it] does not result in 'unclean hands' on the plaintiff's part. There must be some logical connection between the right plaintiff asserts and the activity constituting unclean hands. Otherwise, the courts must be willing to serve as a battleground for extensive antitrust litigation whenever a trademark holder seeks any, totally unrelated,

equitable relief." Coca-Cola Co., 386 F. Supp. at 337. "To bring the purported antitrust violation into the action would obfuscate the issues and convert a relatively straight-forward trademark infringement case into a complex antitrust case." Id.

The case of Computer Support Services, 123 F.Supp.2d 945, is instructive. The defendants in that case asserted counterclaims for antitrust violations that, like the Defendants' defenses here, asked the court to excuse their distribution of infringing Microsoft software on the ground that Microsoft engaged in monopolistic practices. See 123 F. Supp. 2d at 950. In granting Microsoft's motion to dismiss the defendants' counterclaims, the court held that the defendants did not have antitrust standing because they failed to "allege specific facts establishing injury to [their business] which occurred by reason of the alleged antitrust violation." Id. (citing Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 537, 103 S. Ct. 897, 74 L.Ed.2d 723 (1983)); see also Syncsort Inc. v. Sequential Software, Inc., 50 F.Supp.2d 318, 336 (D.N.J. 1999) (granting motion to dismiss conclusory antitrust counterclaim); Central Benefits Mut. Ins. Co., 711 F. Supp at 1434 (holding that the defendant lacked standing to assert antitrust affirmative defense because he was not directly or adversely injured by the purported antitrust violations).

Further, it is clear that where a trademark has been lawfully acquired, subsequent conduct permissible under the trademark laws cannot give rise to liability under the antitrust laws. See Edward B. Marks Music Corp. v. Colorado Magnetics, Inc., 497 F.2d 285, 291 (10th Cir. 1974) (citing Alberto-Culver Co. v. Andrea Dumon, Inc., 466 F.2d 705 (7th Cir. 1972). This permissible conduct includes the initiation of litigation against an infringer. Id.; Armstrong Cork Co. v. Armstrong Plastic Covers Co., 434 F. Supp.

860, 872 (E.D. Mo. 1977) ("good faith enforcement by the plaintiff of its trademark rights does not constitute an antitrust violation").

Defendants in this case have only asserted their purported antitrust defense because they wish to "obfuscate the issues and convert a relatively straight-forward trademark infringement case into a complex antitrust case." See Coca-Cola Co., 386 F. Supp. at 337. Their Seventh Affirmative Defense is insufficient as a matter of law, and should be stricken without leave to amend in order to avoid the unnecessary time and expense of litigating an issue that cannot constitute a viable defense to Microsoft claims.

### 2. Defendants Have Not Sufficiently Pled Their Seventh Affirmative Defense.

Defendants' antitrust affirmative defense must fail because it contains nothing more than a generic, conclusory allegation, with absolutely no supporting factual allegations. A pleading party "must do more than cite relevant antitrust language to state a claim for relief," TV Communications Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1024 (10th Cir. 1992), as a party "will get nowhere merely by dressing [its claims] up in the language of antitrust." Rutman Wine Co. v. E&J Gallo Winery, 829 F.2d 729, 736 (9th Cir. 1987) (internal citation omitted); see also Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984). "The use of antitrust 'buzz words' does not supply the factual circumstances necessary to support" antitrust claims. TV Communications, 964 F.2d at 1026; see Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co., 113 F.3d 405, 417 (3d Cir. 1997) (holding that within the context of sustaining a motion to dismiss an antitrust claim, the court is "not . . . required to accept as true unsupported conclusions and unwarranted inferences").

Here, Defendants do not even recite "the litany" of antitrust allegations in their affirmative defenses. Rather, they simply and opportunistically attempt to escape liability by using the buzz words "anti-competitive practices" and "monopolization efforts." They have not provided any factual allegations concerning any antitrust violations by Microsoft, let alone explained how any such conduct concerning genuine Microsoft software excuses their distribution of *counterfeit* Microsoft software. As such, Defendants' defense does not meet the standards of Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the defense,[1] and is insufficient to raise an antitrust affirmative defense as a matter of law. See The Interface Group, Inc. v. Massachusetts Port Auth., 816 F.2d 9, 12 (1st Cir. 1987) (affirming dismissal of antitrust complaint where complaint failed to allege anticompetitive conduct or injury to competition); Heller Fin., 883 F.2d at 1294; Re/Max Int'l v. Realty One, Inc., 900 F. Supp. 132, 145 (N.D. Ohio 1995)(requiring a showing of both antitrust injury and antitrust standing to properly plead an antitrust claim), aff'd in part, rev'd in part, 173 F.3d 995 (6th Cir. 1999).[2]

---

[1] "A party shall state in short and plain terms the party's defenses to each claim asserted." Fed. R. Civ. P. 8(b).

[2] The court in Re/Max, in concluding that a properly pled antitrust claim requires allegations of both an antitrust injury and an antitrust standing, applied sections 1 and 2 of the Sherman Act (15 U.S.C. §§ 1 & 2) through sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15 & 26). Here, Defendants have failed to meet these requirements.

## III.   CONCLUSION

For all of these reasons, Microsoft's motion to strike the "unclean hands" and "inequitable conduct" portion of the Fourth Affirmative Defense and the entire Seventh Affirmative Defense set forth in the Defendant's Answer should be granted without leave to amend.

Respectfully submitted,

MICROSOFT CORPORATION,

By its attorneys,

/s/ Edward J. Naughton

Edward J. Naughton (BBO#600059)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 7, 9 and 10, 2006, I conferred with Robert Pierce, counsel for defendants, in an effort to resolve the issues raised by this motion. Those efforts were unsuccessful.

/s/ Edward J. Naughton
Edward J. Naughton (BBO#600059)

# 3640168_v1

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electric Filing and paper copies will be sent to those indicated as non-registered participants on March 10, 2006.

/s/ Edward J. Naughton
Edward J. Naughton (BBO#600059)

# 3640168_v1